**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

|  |  |  |
|---|---|---|
| W.B. MASON CO., INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| AMERICAN DAIRY QUEEN CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT OF**
**NO TRADEMARK INFRINGEMENT AND NO TRADEMARK DILUTION**

**Introduction**

Plaintiff W.B. Mason Co., Inc. ("W.B. Mason") files this action seeking a declaration that its use of BLIZZARD in conjunction with the sale and promotion of any products, including copy paper and spring water, all of which are branded with and sold under the well-known and distinctive W.B. MASON mark and logo, does not infringe and does not dilute any BLIZZARD marks, registered or otherwise, owned by Defendant American Dairy Queen Corporation ("ADQ"). While W.B. Mason first began using the BLIZZARD mark in connection with paper products in 2003 and spring water in 2010, W.B. Mason is not aware of a single person who has ever been confused by its use of BLIZZARD. Indeed, no reasonable person would ever mistakenly believe that copy paper or spring water sold by W.B. Mason and emblazoned with the W.B. MASON mark and logo emanates from, or is associated with, ADQ. Similarly, W.B. Mason's use of BLIZZARD on copy paper or spring water that is sold and marketed under the W.B. MASON mark and logo has caused, and will cause, no dilution of ADQ's BLIZZARD brand.

This suit was necessitated by ADQ's filing of an action in the District of Minnesota on March 12, 2018, C.A. No. 0:18-cv-00693-SRN-HB (the "Minnesota Action") in the midst of active settlement discussions and, in fact, after its counsel advised W.B. Mason's counsel that he would be unable to respond to the most recent proposal because his "client was going to be out of town later in the week."  In light of that, ADQ's counsel assured W.B. Mason's counsel that he would respond "early next week" (meaning the week of March 12).  ADQ did not respond to W.B. Mason's proposal, choosing instead to commence litigation after misleading W.B. Mason about the status of their discussions.

## PARTIES

1.      Plaintiff W.B. Mason Co., Inc. is a Massachusetts corporation having its principal place of business at 59 Centre Street, Brockton, Massachusetts 02303.  W.B. Mason sells and distributes office supplies and related goods.

2.      Defendant American Dairy Queen Corporation is a Delaware corporation having a principal place of business at 7505 Metro Boulevard, Edina, Minnesota 55439.  ADQ is the franchisor of the Dairy Queen system of quick-serve restaurants, including locations within the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this Complaint raises federal trademark and unfair competition questions arising under the Lanham Act, 15 U.S.C. § 1125, arising out of interstate commerce.  Furthermore, this Court has jurisdiction pursuant to 28 U.S.C § 2201 *et seq.* because there exists an actual and substantial controversy between the parties over whether

there is trademark infringement, dilution, or false designation of origin under 15 U.S.C. §§ 1114, 1125(a) and (c), which controversy/litigation is of sufficient immediacy and reality.

4.      This Court has personal jurisdiction over ADQ under Mass. Gen. L. ch. 223A, § 3 because:  (1) ADQ is registered to do business in Massachusetts and has appointed an agent to receive service of process in Massachusetts; (2) ADQ maintains continuous and systematic business contacts with Massachusetts, including without limitation through active franchise relationships with its Massachusetts franchisees, including contacts that relate to the BLIZZARD marks at issue in this litigation; and/or (3) otherwise has legally sufficient contacts with Massachusetts to make jurisdiction in this Court proper.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to W.B. Mason's claims and the underlying controversy occurred in this district, because ADQ – as an entity with the capacity to sue and be sued in Massachusetts and which is subject to this Court's personal jurisdiction concerning the subject matter of the underlying dispute – "resides" in this judicial district, and because W.B. Mason maintains its corporate headquarters and engages in the conduct at issue within this district.  In addition, W.B. Mason has been and will continue to be harmed in this district by ADQ's baseless allegations.

6.      In the midst of active settlement discussions (and, in fact, after misleading W.B. Mason's counsel about the good faith nature of those settlement discussions), ADQ commenced the Minnesota Action.  At the appropriate juncture, W.B. Mason expects to seek a stay and/or dismissal of the Minnesota Action in favor of this action because, at a minimum, the so-called "first-filed" rule does not apply or, alternatively, because the facts of this situation fall within one of the recognized exceptions to the first-filed rule.

## COUNT I – DECLARATORY JUDGMENT OF NO INFRINGEMENT
## AND NO FALSE DESIGNATION OF ORIGIN
## 28 U.S.C. §§ 2201 *ET SEQ.*

7.       W.B. Mason repeats and realleges the allegations set forth in each of the preceding paragraphs and incorporates those allegations fully herein.

8.       The Minnesota Action, which has already been filed and in which W.B. Mason and ADQ have adverse legal interests, constitutes a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9.       W.B. Mason has been using BLIZZARD in connection with the sale and promotion of copy paper since at least as early as 2003.

10.       W.B. Mason is the owner of Registration Nos. 5,235,690 for BLINDING WHITE BLIZZARD 78 COPY PAPER and 5,213,514 for BLIZZARD BLINDING WHITE COPY PAPER," both for copy paper and copying paper.

11.       W.B. Mason has been using BLIZZARD in connection with the sale and promotion of spring water since at least as early as 2010.

12.       W.B. Mason is the owner of Application Serial Nos. 87/210,712 for BLIZZARD SPRING WATER and 87/210,633 for "WHO BUT W.B. MASON'S BLIZZARD SPRING WATER, both for spring water.

13.       W.B. Mason is not aware of any instance where a purchaser bought a W.B. Mason BLIZZARD product mistakenly believing it to emanate from or be associated with ADQ.

14.       W.B. Mason is not aware of any evidence suggesting that any purchaser has ever experienced any form of source-confusion by its use of BLIZZARD in connection with any product.

15.     Many third parties use BLIZZARD in connection with a variety of goods and services.

16.     ADQ and W.B. Mason do not sell their goods through similar or related channels of trade.

17.     As used in commerce, W.B. Mason's use of BLIZZARD is not similar and, indeed, is substantially different in sight, sound, and appearance, and is fundamentally different in commercial context, from any BLIZZARD mark registered and/or used by ADQ.

18.     W.B. Mason's use of the W.B. MASON mark and logo on the packaging and promotion of its BLIZZARD products ensures that there will be no confusion as to the source or affiliation of W.B. Mason's products.

19.     W.B. Mason has no interest in creating a false association between its products and any ADQ products, and its commercial conduct has not caused such a false association to occur.

20.     W.B. Mason's actions have not caused, and are not likely to cause, a likelihood of confusion, mistake, and/or deceive.

21.     W.B. Mason is not, and has never been, engaged in acts constituting trademark infringement of ADQ's validly registered BLIZZARD marks within the meaning of 15 U.S.C. § 1114 and/or any ADQ BLIZZARD mark that may be protected by common law.

22.     W.B. Mason's actions do not constitute unfair competition by false designation of origin within the meaning of 15 U.S.C. § 1125(a).

23.     W.B. Mason's actions are not likely to cause injury to the consuming public or otherwise.

24.     ADQ is not likely to suffer any harm, let alone irreparable harm, as a result of any of W.B. Mason's actions.

25.     ADQ is not entitled to recover any damages and is not entitled to injunctive relief as a result of any of W.B. Mason's actions.

## COUNT II– DECLARATORY JUDGMENT OF NO DILUTION
### 28 U.S.C. §§ 2201 *et seq.*

26.     W.B. Mason repeats and realleges the allegations set forth in each of the preceding paragraphs and incorporates those allegations fully herein

27.     The Minnesota Action, which has already been filed and in which W.B. Mason and ADQ have adverse legal interests, constitutes a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28.     ADQ's BLIZZARD mark does not constitute a famous mark for purposes of 15 U.S.C. § 1125(c).

29.     ADQ has not engaged in exclusive use of the BLIZZARD mark throughout the United States.

30.     Many third parties use BLIZZARD in connection with a variety of different products and services.

31.     W.B. Mason's actions have not caused, and are not likely to cause, dilution of any ADQ mark's source-identifying significance – whether by blurring or by tarnishment.

32.     W.B. Mason's actions have not caused, and are not likely to cause, a likelihood of dilution of any ADQ mark's source-identifying significance – whether by blurring or by tarnishment.

33.     W.B. Mason's actions do not constitute a violation of 15 U.S.C. §1125(c).

6

34. W.B. Mason's actions are not likely to cause injury to the consuming public or otherwise.

35. ADQ is not likely to suffer any harm, let alone irreparable harm, as a result of any of W.B. Mason's actions.

36. ADQ is not entitled to recover any damages and is not entitled to injunctive relief as a result of any of W.B. Mason's actions.

**WHEREFORE**, W.B. Mason respectfully requests that this Court:

a. Declare that W.B. Mason has not engaged in any infringement of ADQ's rights under 15 U.S.C. § 1114 or under common law;

b. Declare that W.B. Mason has not engaged in unfair competition or false designation of origin under 15 U.S.C. § 1125(a);

c. Declare that W.B. Mason has not engaged in dilution of any of ADQ's rights under 15 U.S.C. § 1125(c);

d. Award W.B. Mason its costs incurred in this action; and

e. Grant such additional relief as the court deems just and proper.

Dated:  March 15, 2018

Respectfully submitted,

W. B. MASON CO., INC.

By its attorneys,

*/s/ Jason C. Kravitz*
Deborah Thaxter (MA Bar No. 495520)
Jason C. Kravitz (MA Bar No. 565904)
Gina M. McCreadie (MA Bar No. 661107)
Leslie Hartford (MA Bar No. 687929)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Tel: (617) 345-1000
Fax: (617) 345-1300
dthaxter@nixonpeabody.com
jkravitz@nixonpeabody.com
gmccreadie@nixonpeabody.com
lhartford@nixonpeabody.com